**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Mahon, | No. CV-17-02031-PHX-DGC (JFM) |
| Petitioner, | No. CR-09-00712-PHX-DGC |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

On April 10, 2019, the Court denied Dennis Mahon's petition for habeas corpus relief. Doc. 56. Mahon has appealed, and the Court of Appeals has asked the Court to determine whether a certificate of appealability should be granted. Docs. 58, 59. For the following reasons, the Court will deny the certificate.

Rule 11(a) of the Rules Governing Section 2255 Cases provides that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To meet the "threshold inquiry" on debatability, the petitioner "'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (alteration and emphasis in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling. *See id.* at 1025-26. "[T]he showing a petitioner must make to be heard on appeal is less than that to obtain relief." *Id.* at 1025 n.4 (citations omitted); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) ("a COA does not require a showing that the appeal will succeed").

The background of this case and Mahon's arguments are set out in the Court's April 10, 2019 order denying his § 2255 petition. *See* Doc. 56. In sum, Mahon asserted ten grounds for relief, but raised only four objections to Judge James F. Metcalf's Report and Recommendation ("R&R"). Docs. 31, 49, 52. Mahon objected to the R&R's rejection of his claims that: (1) appellate counsel was ineffective in not appealing the Court's ruling denying his motion to suppress statements of himself and his co-defendant; (2) appellate counsel was ineffective in failing to appeal the Court's denial of his motion to dismiss Count 3 based on entrapment; (3) trial counsel was ineffective in withdrawing the jury instruction on entrapment; and (4) appellate counsel was ineffective in failing to appeal the Court's application of a 12-level sentencing enhancement for terrorism. Doc. 56 at 3. The Court's rulings on these issues do not warrant a COA.

1. As to the Court's denial of the motion to suppress, Mahon has failed to show that reasonable jurists would disagree or that the issues deserve further consideration. *See Lambright*, 220 F.3d at 1025. The law governing whether an officer's statements or actions constitute the functional equivalent of interrogation is well-settled, and relevant Ninth Circuit cases make clear that the agents' actions in this case – explaining the charges that led to Mahon's arrest and the investigations that were underway, and then placing him and

his brother in a van with recording equipment – did not amount to the functional equivalent of interrogation. *See* Doc. 56 at 7. As the Court's order explained:

> "[W]hen an officer informs a defendant of the circumstances which contribute to an intelligent exercise of his judgment" including "the circumstances of his arrest," such statements are "exclude[d] from the definition of interrogation [as] words or actions 'normally attendant to arrest and custody.'" *Moreno-Flores*, 33 F.3d at 1169 (citing *Innis*, 446 U.S. at 301). "The standard for determining whether an officer's comments or actions constitute the 'functional equivalent' of interrogation is quite high." *United States v. Morgan*, 738 F.3d 1002, 1006 (9th Cir. 2013). Even if the officers' statements about the evidence, other raids, and other persons of interest "may have struck a responsive chord [with Defendants], or . . . constituted 'subtle compulsion,'" without more, such statements are "insufficient to find that they were the functional equivalent or interrogation." *Moreno-Flores*, 33 F.3d at 1169; *see also Morgan*, 738 F.3d at 1006 (citing *Innis*, 446 U.S. at 303).
>
> \* \* \*
>
> As noted above, the officers engaged in no questioning or psychological ploys intended to elicit incriminating responses. *See Innis*, 446 U.S. at 528. Thus, the wiring of the van and mere hope that Defendants would make voluntary statements does not amount to the functional equivalent of interrogation, because "[o]fficers do not interrogate a suspect simply by hoping that he will incriminate himself." *Mauro*, 481 U.S. at 529; *see also United States v. Hernandez-Mendoza*, 600 F.3d 971, at 977 (8th Cir. 2010).

*Id.*

Mahon's often general objections identified no contradicting circuit law on point, his arguments about coercive circumstances found no support in law or fact, and he failed to show a substantial likelihood that a different result would have occurred if appellate counsel had appealed the Court's order. *Id.* at 5-10 (citing *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014)). The Court also concludes that no reasonable jurists could disagree that Supreme Court and Ninth Circuit precedent precluded Mahon's argument that the Confrontation Clause barred his brother's non-testimonial statements. *Id.* at 11-13.

2. No reasonable jurists could disagree that clear disputes of fact precluded dismissal of Count 3 based on entrapment. *See* Doc. 56 at 13-20; *see also Slack*, 529 U.S.

at 484. Mahon failed to identify "undisputed evidence making it patently clear that an otherwise innocent person was induced" by government agents to commit an illegal act, nor that there was a substantial likelihood of a different result on appeal. *Id.* at 15, 20 (quoting *United States v. Skarie*, 917 F.2d 317, 320 (9th Cir. 1992)).

3. As to trial counsel's decision to withdraw the jury instruction on entrapment, Mahon's objection was not sufficiently clear or specific for the Court to determine which part of the R&R's reasoning he objected to. Doc. 56 at 21. Mahon's arguments failed to make "a substantial showing of the denial of a constitutional right" about which reasonable jurists could disagree. *See* 28 U.S.C. § 2253(c)(2). There were sound reasons for withdrawing the entrapment instruction. *See* Doc. 56 at 20 ("an entrapment defense would have allowed the prosecution to introduce adverse evidence of Mahon's predisposition, including materials from his farm, evidence of his connection to other bombings, and evidence of his military service"). Given the "wide latitude" afforded trial counsel in making tactical decisions, the Court cannot conclude that reasonable jurists would debate whether trial counsel's strategic decision constituted ineffective assistance. *See id.* at 20-21 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

4. Mahon also failed to state specific objections to the R&R's reasoning on the 12-level sentencing enhancement for terrorism under U.S.S.G. § 3A1.4. *Id.* at 21-22. Such a general objection fails to demonstrate debatability and is inadequate to deserve further proceedings. *See Lambright*, 220 F.3d at 1025.

**IT IS ORDERED** that a certificate of appealability (Doc. 58) is **denied**.

Dated this 20th day of June, 2019.

David G. Campbell
Senior United States District Judge